UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIZZIE SIMS, individually and as Special Administrator of the Estate of Gregory Neil Davis, <br><br> Plaintiff, <br><br> v. <br><br> BOARD OF COUNTY COMMISSIONERS FOR OKLAHOMA COUNTY, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No. CIV-23-780-R ) ) ) ) ) ) ) |

**ORDER**

Before the Court is Plaintiff's Motion to Reconsider Order Denying Motion for Leave to Amend Complaint [Doc. No. 75]. Defendant Turn Key Health Clinics, LLC responded in opposition [Doc. No. 76] and the matter is now at issue.

Over a year after commencing this action and nearly six months after the deadline to amend the pleadings expired, Plaintiff submitted a motion seeking leave to add a request for punitive damages against Turn Key on her state law tort claims. Because the motion was untimely and Plaintiff failed to provide an adequate explanation for her delay, the motion was denied.[1] Plaintiff now seeks reconsideration of that ruling, contending that the amendment is timely and there will be no undue prejudice to defendant.

---

[1] This action was originally assigned to United States District Judge Bernard M. Jones and was transferred to the undersigned on September 23, 2024.

1

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). However, "a district court always has the inherent power to reconsider its interlocutory rulings." *Warren v. Am. Bankers Ins. of FL*, 507 F.3d 1239, 1243 (10th Cir. 2007). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Reconsideration "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law," but "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citations omitted). Stated another way, a motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F.Supp. 1482, 1483 (D. Kan. 1994) (citation omitted).

Plaintiff's motion for reconsideration begins by arguing that her request for leave to amend was timely. She is incorrect. The deadline to file motions for leave to amend expired on March 16, 2024. Plaintiff's motion for leave to amend was filed on August 21, 2024. Plaintiff's request was therefore untimely. To avoid this conclusion, Plaintiff argues that her request for leave to amend is timely based on an Amended Scheduling Order [Doc. No. 70] which includes language stating "motion to amend pleadings to be filed within 15 days of this Order." The Amended Scheduling Order was entered after Plaintiff filed her motion for leave to amend and was precipitated by the parties' joint motion [Doc. No. 68] seeking

to extend "all remaining deadlines." The joint motion proposed new dates for various unexpired deadlines but did not include a proposed date for seeking leave to amend. The court subsequently entered an order [Doc. No. 69] granting the motion, resetting the case on a new trial docket, and "extend[ing] all pending deadlines as set forth in the amended scheduling order." Thus, both the parties and the court plainly contemplated that only unexpired deadlines were being extended. Further, the Amended Scheduling Order that was subsequently entered was a form document that appears to have simply failed to excise the stock language about amending pleadings within fifteen days. Under these circumstances, the Court has little trouble concluding that Plaintiff's request to amend the pleadings was, and is, untimely.

The remainder of Plaintiff's motion for reconsideration is essentially an attempt to bolster her argument that leave to amend should be granted, although noticeably absent is any attempt to adequately explain her delay in seeking leave to amend. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (explaining "that denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay") (quotation omitted). In any event, Plaintiff's failure to present her strongest case in the first instance does not entitle her to a second chance in the form of a motion to reconsider.

Plaintiff has not identified any intervening change in the law, newly discovered evidence, or clear error or manifest injustice that might warrant reconsideration of the prior order. Accordingly, her Motion to Reconsider Order Denying Motion for Leave to Amend Complaint [Doc. No. 75] is DENIED.

IT IS SO ORDERED this 28th day of October, 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE